JOHN McMAHON, Appellant, *v.* THE PORT HENRY IRON ORE COMPANY OF LAKE CHAMPLAIN, Respondent.

*Contributory negligence — when the fact that a servant continues his work after knowledge of a defect, does not constitute contributory negligence.*

Upon the trial of this action, brought by the plaintiff, an employe of the defendant, to recover damages for injuries sustained by reason of the premature explosion of a blast while he was engaged in charging the hole, it appeared that the defendant was, to the plaintiff's knowledge, guilty of negligence in three respects, viz., in using damp, unglazed powder, in drilling a square instead of a round hole, and in using an iron instead of a copper spoon for charging it.

*Held,* that the mere fact that the plaintiff continued his work, with knowledge of these facts, did not of itself establish contributory negligence as a matter of law on his part, but only authorized the submission of that question to the jury, and that the court erred in taking it from them and nonsuiting the plaintiff.

Appeal from a judgment in favor of the defendant entered upon a nonsuit directed at the Circuit.

The plaintiff was an employe of the defendant. His work consisted in charging and firing holes for blasting. He continued under such employment until July 3, 1875, when he was injured

by the premature explosion of a blast while he was engaged in charging a hole drilled in rock.

The appellant claimed that the hole was irregularly made, being square instead of round, by reason of the incompetency of his co-servant who operated the drill by which it was made; that the powder was dangerous by reason of its dampness, which caused it to adhere to the irregularities of the hole; that the iron spoon used in charging the hole was dangerous; that it was liable to and did strike fire by coming in contact with the irregularities of the hole, thus igniting the powder that adhered to such irregularities, and causing the explosion.

*Martin T. McMahon*, for the appellant.

*Waldo & Grover*, for the respondent.

LEARNED, P. J.:

The question here is whether the knowledge which the plaintiff had of the alleged defects, of itself, made him guilty of contributory negligence; or whether the fact of such knowledge, with other circumstances, should have been submitted to the jury, that they might determine from all the evidence whether he could recover.

In *Hawley* v. *N. C. R. W. Co.* (24 Sup. C. N. Y, 115) on a careful examination of cases it was held that knowledge of defects by the plaintiff was not enough to justify a court in nonsuiting. So in the case of *Hough* v. *Railway Co.* (100 U. S., 213) it was held that the knowledge of the plaintiff was not, under the circumstances and as a matter of law, absolutely conclusive of want of due care.

In the case of *Gibson* v. *Erie R. R.* (63 N. Y., 449), cited by defendant, the deceased appears to have been actually guilty of negligence and the decision is placed partly on that ground.

The case of *Mehan* v. *S. B. & N. Y. R. R.* (73 N. Y., 585) was held to be a case for the jury.

Without citing more cases, it seems to be the true doctrine that perhaps there may be instances in which the knowledge of the defects, possessed by the injured party, is so definite that he must be deemed, as a matter of law, to have taken the risk on himself of injury arising therefrom; but that, as a general rule, such knowledge

is only a circumstance to be submitted to the jury from which they may infer negligence. And it would seem also that in most cases contributory negligence is a question of fact.

The alleged negligence of the defendant consisted in three things, the quality of the powder, the shape of the hole, the iron instead of copper spoon. There was evidence tending to show that the powder was damp and not glazed, and that for this reason it would adhere to the sides of the hole; and there was evidence that the hole started as a round hole and so continued the length of the first drill, about a foot, and that then it became square; and that this was through the negligence of the man who worked the drill. The plaintiff testifies also that if there were lumps (that is, projections) in a hole, he could have discovered them in a round hole, not in a square hole. In regard to the powder, the plaintiff testifies that he had complained to some of the officers that the powder was bad, not that it was dangerous. He also says that he knew that in working this iron over the stone it was liable to strike fire, and knew that there was some danger in pushing the iron spoon into the hole.

Now, of course, the plaintiff in undertaking the business assumed the ordinary risks. If the defendants are liable, it must be because they failed to provide proper materials and the like. Assuming then, for the present, that it was negligent for the defendants to furnish damp powder and an iron spoon, and to drill holes which were not round, the question is, whether the mere knowledge of the existence of these circumstances charges the plaintiff with contributory negligence. It may be a fact for the jury to consider. But can we say that the plaintiff was bound to stop work on account of these circumstances, or that, if he should proceed and should be injured by defendant's fault, he would have no redress.

It would seem to be unreasonable that one who has undertaken a service which, in itself, has some elements of danger, whenever he shall see that the danger has been increased through some negligence of his employer, must either stop his employment or be deemed to have accepted the increased risk. We do not think that this is the rule. And it seems to us that the plaintiff had a right to go to the jury on the question whether he was, under the circumstances, justified in going on with his work.

In this examination of the case we have not discussed the negligence of the defendants, because the justice put the nonsuit solely on the ground of the plaintiff's knowledge.  There seems to have been enough, in his judgment, to submit to the jury on the question of the defendants' negligence.  And we see no reason to disagree with him on that point.

Judgment reversed, new trial granted, costs to abide event.

BOARDMAN, J., concurred, BOCKES, J., not acting.

Judgment reversed, new trial granted, costs to abide event.